The opinion of the court was delivered by
Poché, J.
The trial of Orter Perique, Jr., and of Yalsin Braud, on the charge of shooting with intent to murder, resulted in the acquittal of Perique and in the conviction of Braud, who prosecutes this appeal from a sentence of eighteen months to the penitentiary.
I.
His first complaint is of the refusal of a continuance of the case on account of the absence of an alleged material witness.
The record shows that the absent witness had been summoned by service made at his domicil; that the motion for continuance was not made in writing, and that it was not supported by an affidavit. It appears further from the bill that, when called by the District Attorney to make the proper affidavit, the accused declined to do so, and his counsel argues here that an affidavit can not be required in such cases, as “it may be against the interest of an accused person to disclose at the beginning of the trial, or before the trial, the facts which he intends to prove by an absent witness.”
In the face of an inflexible rule of criminal jurisprudence requiring such an affidavit as an indispensable condition of a continuance, the argument of counsel has at least the merit of vigorous freshness and of ingenious originality.
But, at this stage of jurisprudence, we can not dare to drift from the safe moorings at which, all the courts which are guided by the rules of common law procedure, have been anchored for several centuries.
*404 With a different rule, it would be a heroic feat for a prosecuting officer to force an accused, the essence of whose defence would be time, to atrial, under any circumstances.
Speaking of the required conditions of a motion for a continuance in such cases, Bishop, in his work on Criminal Procedure, says at Sec. 951:
“ If a witness is absent or sick and not to be procured till a future day or term, he must make affidavit setting forth the name and residence of the witness, the facts which he is expected to prove, their materiality to his case, as, for example, that he can not prove them otherwise, and their relevancy to the issue, why his presence can not now be had, and the reasons to believe it may be had then, together with what will render apparent his own want of laches.”
Every one of the enumerated requisites of the rule has been the subject of some judicial interpretation even in our jurisprudence, in which it has been uniformly enforced as laid down by Bishop.
In the following list of cases, the application for a continuance was-not entertained for the absence of the affidavit: State vs. Romero, 5 An. 25; State vs. Rountree, 32 An. 1144; State vs. Crawford, 41 An. 589.
And in the cases hereinafter enumerated, the motion was overruled on account of the insufficiency of the affidavit: State vs. Clark, 37 An. 128; State vs. Redmond, 37 An. 774; State vs. Landrum, 37 An. 799; State vs. Duffy, 39 An. 419; State vs. Bassinger, 39 An. 918.
Hence we conclude that this ground has no force.
II.
The next complaint is too trivial to require more than a passing-notice.
As the case was tried by the judge, the accused invites our attention to errors committed by the former in summing.up the evidence in the case. The request is couched in the following words:
“ Such being the case we respectfully ask the court to consider whether it was just, arbitrarily to disregard the testimony of nine disinterested witnesses, whose testimony has not been contradicted in a single material particular, who were on the spot at the time of the shooting, and saw it all, and who swore to a clear case of self-defence, and to believe, in preference, the adverse testimony of the four State witnesses, who were directly contradicted by the other-nine.”
*405 But the constitutional restriction of our criminal jurisdiction sternly forbids our invasion of that field of investigation. We can but refer counsel to Art. 81 of the Constitution, which restricts our jurisdiction “ in criminal cases to questions of law.”
The record discloses no error to the prejudice of the appellant.
Judgment affirmed.